**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30275 |
| Plaintiff-Appellee, | D.C. Nos. 6:17-cr-00274-MC-1 |
| v. | 6:17-cr-00274-MC |
| RONALD WAYNE THRASHER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ZIPPS,[**] District Judge.

A jury convicted Ronald Wayne Thrasher ("Thrasher") of committing a

series of crimes related to selling methamphetamine, and he was sentenced to 300

months imprisonment. Thrasher appeals the district court's denial of his pretrial

motions for a *Franks* hearing and to suppress evidence gained during a search of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

his residence and vehicle. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here. We affirm the district court's denial of Thrasher's motions.

We review the denial of a motion to suppress and the denial of a motion for a *Franks* hearing *de novo*. *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). "We review for clear error a finding of probable cause for a search warrant." *United States v. Meek*, 366 F.3d 705, 712 (9th Cir. 2004). "The standard of review for the specificity of a warrant is de novo." *United States v. Wong*, 334 F.3d 831, 836 (9th Cir. 2003).

1.     The district court did not err in denying Thrasher's motion for a *Franks* hearing. Thrasher's evidence does not make a "substantial preliminary showing" that the warrant affidavit contained a knowingly or recklessly false and material statement. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Examining the evidence, we are satisfied that the warrant affidavit fairly described the phone call between Thrasher and the Confidential Informant ("CI"), which was conducted in code.

Even assuming *arguendo* that Thrasher could make a substantial preliminary showing that the warrant affidavit knowingly or recklessly misrepresented the CI's criminal history, the CI's record of cooperation with law enforcement, or Thrasher's criminal history, the inaccuracies Thrasher identifies are not material.

2

The warrant affidavit made clear the CI's significant criminal record, including a conviction for a crime of dishonesty. Many of the alleged inaccuracies regarding the CI's record are minor or unproven allegations. Thrasher's criminal history was not central to the warrant affidavit's probable cause showing, and the warrant affidavit's description does not materially alter the overall picture that Thrasher himself had a significant criminal history.

2. The district court did not err in denying Thrasher's motion to suppress evidence found in a search of Thrasher's vehicle. The warrant affidavit established probable cause to search Thrasher's vehicle because there was significant evidence that he used it to traffic methamphetamine, and the warrant affidavit explained that vehicles are commonly used to purchase and deliver illicit drugs. The search warrant also identified Thrasher's vehicle with specificity because it encompassed all vehicles registered to or under his direct control.

3. We also hold that there was no error in the district court's denial of Thrasher's motion to suppress evidence gained through warrants to his cell phone providers. Thrasher's reliance on an out-of-circuit case is unpersuasive: the warrants here complied with the Fourth Amendment and were valid *ab initio*. *See Virginia v. Moore*, 553 U.S. 164, 176 (2008); *United States v. Artis*, 919 F.3d 1123, 1130 (9th Cir. 2019). The evidence obtained through these warrants was admissible in Thrasher's federal trial.

3

**AFFIRMED.**